UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LOCAL 2322, INTERNATIONAL )
BROTHERHOOD OF ELECTRICAL )
WORKERS, )
         Plaintiff )
)
v. )
)
VERIZON, INC., )
         Defendant )
)

04 - 12490 RWZ

RECEIPT #_____
AMOUNT $_____ 150.00
SUMMONS ISSUED 1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M.P.
DATE 11/24/04

MAGISTRATE JUDGE LPC

**COMPLAINT TO CONFIRM ARBITRATION AWARD AND FOR SANCTIONS/ATTORNEYS' FEES**

I.    **INTRODUCTION.**

    1.    This is an action to confirm an arbitration award rendered between the parties pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. As described below, an arbitrator, appointed pursuant to the provisions of the collective bargaining agreement between the parties, rendered an arbitration award finding that the one-day suspension of a bargaining unit employee, Thomas Ouellette, was without just cause. The arbitrator ordered that the grievant be paid the back pay he lost for said one-day suspension. Despite repeated requests for payment, and despite the fact that the company has never sought to vacate the award, the company has intentionally refused to pay the amount ordered by the arbitrator. For this reason, the union seeks to confirm the arbitration award so it will have the force and effect of a judgment. It also

1

requests that the court impose stringent sanctions on Verizon, in the form of costs and attorneys' fees for the prosecution of this action.

II.   PARTIES.

2.   The plaintiff, Local 2322, International Brotherhood of Electrical Workers ("Local 2322, IBEW"), is a duly certified labor union which represents bargaining unit workers of Verizon throughout southeastern Massachusetts.

3.   The defendant, Verizon, is a duly incorporated company which provides telecommunications services throughout the east coast of the United States.  It maintains a regional headquarters in Boston, Massachusetts.  Verizon is a signatory to a collective bargaining agreement between it and several unions, including Local 2322, IBEW.

III.   JURISDICTION.

4.   The jurisdiction of this court is invoked pursuant to 29 U.S.C. § 185.

IV.   FACTS.

5.   The plaintiff and defendant are parties to a collective bargaining agreement which was in full force and effect at all times relevant hereto.

6.   Pursuant to said collective bargaining agreement, the union filed a grievance challenging the one-day suspension of bargaining unit employee Thomas Ouellette.

7. After completing the preliminary steps of the grievance procedure, the union duly filed the case for arbitration pursuant to the expedited arbitration procedures of the collective bargaining agreement.

8. In due course, the matter was heard by Arbitrator Bruce Fraser, an arbitrator that both parties had selected to hear such expedited arbitrations. Arbitrator Fraser rendered a decision on or about June 4, 2004, finding that the one-day suspension of Mr. Ouellette was without just cause. (See Exhibit A.)

9. Notwithstanding the arbitrator's ruling that the suspension of Thomas Ouellette was without just cause, the company refused to pay Mr. Ouellette the one-day pay that he lost as a result of his suspension. The company claimed that it was doing so because of an ambiguity in the decision itself. Because of this alleged ambiguity, the union requested Arbitrator Fraser to clarify the remedy portion of his award. After reviewing written arguments by both parties and having a telephonic conference call, Arbitrator Fraser made clear that his decision required the company to pay Mr. Ouellette his lost one day of pay, and he issued a supplemental order and decision ordering the payment of such one day's pay. (See Exhibit B.)

10. The supplemental decision of Arbitrator Fraser was rendered on August 16, 2004. On numerous occasions the union has requested both orally and in writing that the company pay the one day of pay owed to Mr. Ouellette. The company continues to refuse to pay Mr. Ouellette his one-day's pay, and has told the plaintiff union that it has no intention of paying such amount.

3

## COUNT I

11.     The court should confirm the arbitration award issued by Arbitrator Fraser forthwith.  This request is made pursuant to 29 U.S.C. §185, (Section 301 of the Labor Management Relations Act) which gives this court jurisdiction to enforce arbitration awards duly rendered between parties to a collective bargaining agreement.

## COUNT II

12.     Because the company never sought to vacate the arbitration decision of Arbitrator Fraser, and intentionally decided to ignore the decision and not to comply with it, thereby forcing the union to file this action, the court, using its equitable powers, as articulated by the First Circuit, should impose significant sanctions in the form of costs and attorneys' fees upon Verizon for requiring the union to prosecute this "run-of-the-mill" arbitration case which should have been resolved without the need for court action.  The plaintiff makes this request pursuant to case law in this circuit regarding the enforcement of arbitration awards under 29 U.S.C. §185.

WHEREFORE, plaintiff asks this court to (1) confirm the arbitration award attached hereto as Exhibit A; (2) issue an order requiring the defendant Verizon to pay Mr. Ouellette the back pay owed to him plus interest from the date of the arbitration award; and (3) impose sanctions in the form of attorneys' fees and costs upon Verizon for its willful disobedience of the arbitration award.

Respectfully submitted,

LOCAL 2322, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,

By its attorneys,

Dated:  November 24, 2004

_____
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

5

JUN 0 9 2004

In the Matter of the Arbitration between:

IBEW, LOCAL 2322

-and-

VERIZON

Re: 11 E 300 02702 03 (Thomas Ouellette Suspension and Letter in Personnel Folder)

Having been designated as the Arbitrator in accordance with the provisions of the parties' collective bargaining agreement, and having heard and considered the evidence presented, I award as follows:

> The one day suspension given to Thomas Ouellette was not for just cause.
> The day shall be converted to leave without pay and the discipline removed from his file.

June 4, 2004
Scituate, Massachusetts

Bruce Fraser
Arbitrator

| IBEW, Local 2322 | AAA. No. 11 E 300 02702 03 |
| --- | --- |
| -and- | Thomas Ouellette Suspension |
| Verizon | June 4, 2004 |

An arbitration hearing was held on April 30, 2004 in Boston, Massachusetts. The Union was represented by Harold Lichten, Esq., and the Company was represented by Alicia Alonso Matos, Esq. Post-hearing briefs were received by the arbitrator on May 16. 2004.

**THE ISSUE**

The parties agreed upon the following issue:

Was the one-day suspension given to Thomas Ouellette for just cause?

If not, what shall be the remedy

**THE FACTS**

In November, 2002, Thomas Ouellette, the grievant, worked in the Taunton facility as a Central Office Technician. On Friday, November 29, his wife's grandfather died. His wife, who had formerly worked for Verizon, contacted a current employee about the time-off her husband would be permitted under the Agreement for bereavement, and was told it was three days. Operating on this information, when Ouellette found out on Sunday evening that the service would be held the next day, he called his immediate supervisor, Terry Brown, and left a message on his voice mail to the effect that he would be absent on Monday through Wednesday and if there were any problems with this, to please call him back. There was some dispute over what the voice mail message actually said, but I don't find it relevant.

When Brown reached work at 8 am on Monday morning and checked his voice mail, he contacted his supervisor Manager of New England Transport Surveillance Center Barry Sullivan

2

who informed him that Ouellette was not entitled to the days off but they could work something out for the funeral. He immediately called Ouellette and informed him of this fact, reading to him the relevant provision in the contract, P10.03.

> P10.03 An employee may be granted time off with pay, for excused absence because of death in the immediate family normally not to exceed three working days. The Company's decision in each case must be based upon circumstances in such case.
>
> The "immediate" family shall be considered to mean husband, wife, domestic partner, son, daughter, mother, father, brother, sister, mother-in-law, father-in-law, grandparent and grandchild; also, any other relative living in the employee's household.

Brown testified that he volunteered "I could try to work out time to go to the funeral" but stated that Ouellette never said he wanted the entire day off or told him at that time when the funeral service would take place. He stated that he told Ouellette that he expected him at work that day. Ouellette said he would call him back.

According to Brown, Ouellette called back about 10:30 am and informed him that the funeral was that day, that he couldn't come in, and that he would be back the next day, Tuesday. Brown stated that he once again told Ouellette that he was expected in that day. This comment was overheard by Team Leader Teresa Pontbriand who was nearby. Brown stated that he is not authorized by his supervisor's policy to give more than 4 hours of time off and would have had to contact Barry Sullivan, his supervisor, to receive authorization for the entire day. Brown never asked for such authorization, but went to Sullivan again, stated that the grievant refused to report to work, and did not inform him that the funeral was that day.

When the grievant reported for work on Tuesday, December 3, 2002, he was suspended for three days for an unauthorized absence. Brown indicated that Ouellette expressed surprise at this

3

decision, stating that Ouellette believed he had been given Approved Absence (AP) time for the day of the funeral.

The Union grieved, the suspension was reduced to one day, but when the dispute could not be resolved, the Union filed for arbitration.

Sullivan testified that he had two conversation with Brown. In the first, he was informed that Ouellette was not coming to work and felt he was entitled contractually to three days, whereupon he told Brown to call the grievant, tell him that this was not the case, but that they could work something out so that he could attend the funeral. In the second, Brown told him Ouellette was not coming to work but was not told by Brown that the funeral was in a few hours. Based on this information, he called Labor Relations and was told that a short suspension was warranted, but that he should use his own discretion. He said that if he had known the funeral was that day, he would have considered giving him the time off.

The grievant testified that he first learned on Sunday evening that the funeral service for his wife's grandfather would be held on Monday at 6 pm. He stated that he called Brown, and after hearing a message that stated, "You have reached Terry Brown. Please leave a message," he left a message indicating that he thought he had 3 days off contractually, and if there were any problems, he could be reached at home. He testified at the hearing that his wife needed him, since she was preparing food for after the service, was preparing a eulogy to be given at the service, and could not watch their 3 month old son.

Ouellette testified that when Brown called him the next morning, he told him that he was not entitled to three days contractually, but he could grant me one day for the funeral service. Ouellette said he would call back Brown, consulted with the Union, found out that Brown was cor-

4

rect, and called Brown about 10:30 stating that the funeral was that day, that he would take the one day he had been given, and said he would see him the next day. According to Ouellette, Brown acknowledged that they would meet the next day and never stated he could not have the day off. He agreed that he expressed surprise the next day when he was suspended for three days after having been given a day off.

The Union provided testimony of several employees who had received AP time for the death of a spouse's or finance's grandparent, a benefit not covered by the contract. One such granting was given after the fact. There was no evidence, other than the case at hand, of cases where time off was denied even though it is not contractually mandated.

**DISCUSSION**

The evidence shows that Verizon has been very reasonable in permitting company personnel time off for bereavement purposes when the funeral was for someone not specifically covered by Section P10.03. But for the poor communication of the two principal players in the grievance – Ouelette and Brown – there is every reason to believe Ouellette would have been given the day off on Monday, December 2, 2002.

For his part, Ouellette failed to read his contract to see what rights he had under P10.03. Had he done this, he could have reached management personnel on that Sunday evening to secure the necessary time off after he did not reach Brown directly. In addition, he failed to notify Brown during his first phone call at 8 am that the funeral was on that day, thereby alerting him to the need for time off on that day. Moreover, there is no evidence that he ever conveyed to Brown that he had family responsibilities during the day that he felt obligated to fulfill. Finally, there is

5

no evidence that he specifically asked for the day off, but just assumed he was given it, although the testimony from both parties is murky, at best.

For his part, Brown failed to inquire of Ouellette's needs surrounding the funeral. Had he simply asked, he could have found the difficulty Ouelette found himself facing: a conflict between reporting for work and fulfilling obligations at home. Given he had a limit of authorizing but 4 hours time off, he might have suggested that Ouellette take the rest of the day off and make up the time on another day. Or, once he realized that the funeral was that day, he could have notified his supervisor of this fact and asked permission to given Ouellette the entire day off. Sullivan's testimony indicated he would have been sympathetic. Instead, Brown simply reported that Ouellette was not going report for work that day.

Both principal player were at fault here and discipline is not warranted. Rather, the day should be converted to leave without pay and the discipline removed from the grievant's file.

**AWARD**

    The one day suspension given to Thomas Ouellette was not for just cause.
    The day shall be converted to leave without pay and the discipline removed from his file.

June 4, 2004
Scituate, MA

_____
Bruce Fraser
Arbitrator

**BRUCE FRASER**
ARBITRATOR / MEDIATOR
730 CUSHING HIGHWAY
SCITUATE, MASSACHUSETTS 02066
Phone (781) 545-3598    Fax (781) 545-5127
bfraser@bu.edu

August 16, 2004

Ms. Claire Connelly
American Arbitration Association
133 Federal Street, 11th Floor
Boston, MA 02110-1703

In response your letter of July 1, 2004 and our joint telephone call, I clarify my award for Case 11 E 300 02702 03 (21-03) as follows:

> The one day suspension give to Thomas Ouellette was not for just cause. He shall be made whole for all lost wages and benefits arising from this suspension and the discipline shall be removed from his file.
>
> The day of the funeral shall be treated as day of leave without pay.

Sincerely,

Bruce Fraser
Arbitrator



RECEIVED
AUG 2 0 2004
AMERICAN ARBITRATION ASSOCIATION
BOSTON, MA

JS-44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Local 2322, International Brotherhood of Electrical Workers

### DEFENDANTS
Verizon, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street, Ste. 500
Boston, MA 02108    (617) 367-7200

ATTORNEYS (IF KNOWN)
04-12490 RWZ

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  | ☐ 871 IRS — Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This is an action to confirm an arbitration award rendered between the parties pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. sec. 185.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

**DATE**
Nov 24, 2004

**SIGNATURE OF ATTORNEY OF RECORD**
/s/ Harold Lichten

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Local 2322, International Brotherhood of Electrical Workers v. Verizon, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   04-12490 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Harold L. Lichten
ADDRESS  Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, 18 Tremont St., Ste. 500
TELEPHONE NO.  (617) 367-7200                                    Boston, MA 02108

(Cover sheet local.wpd - 11/27/00)