UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB -1 A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

LOCAL 2322, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS,

    Plaintiff,

v.

VERIZON, INC.,

    Defendant.

Civil Action No. 04-12490 RWZ

## ANSWER

Defendant Verizon New England Inc. (incorrectly identified by Plaintiff as "Verizon, Inc.")("Verizon") hereby answers Plaintiff's Complaint to Confirm Arbitration Award and for Sanctions/Attorney's Fees ("Complaint") as follows:

1. The first sentence of Paragraph 1 merely contains a description of this action to which no response is required. To the extent a response is required to the first sentence of Paragraph 1, the allegation is denied. Verizon admits the allegations contained in the second sentence of Paragraph 1. Verizon denies the remaining allegations of Paragraph 1.

2. Verizon admits the allegations contained in Paragraph 2.

3. Verizon admits the allegations contained in Paragraph 3.

4. Paragraph 4 contains a legal conclusion to which no response is required.

5. Verizon admits the allegations contained in Paragraph 5.

6. Verizon admits the allegations contained in Paragraph 6.

7. Verizon admits the allegations contained in Paragraph 7.

8. Verizon admits the allegations contained in Paragraph 8.

FHBOSTON/1143891.1

9.   With respect to the first sentence of Paragraph 9, Verizon admits that the arbitrator ruled that the suspension of Thomas Ouellette ("Ouellette") was without just cause; and further admits that it has not paid Ouellette the one-day pay that he lost as a result of his suspension; but denies that this was a "refusal" to pay on the basis that Verizon was not ordered to pay. Verizon denies the allegations in the second sentence of Paragraph 9. With respect to the third sentence of Paragraph 9, Verizon admits that the Plaintiff requested that Arbitrator Fraser "clarify" the remedy portion of his award, but denies that that this request was due to any ambiguity in the award. With respect to the fourth sentence of Paragraph 9, Verizon admits that after receiving written arguments by the parties and holding a telephonic conference call, Arbitrator Fraser issued a letter purporting to clarify that his award required Verizon to pay Ouellette his one lost day of pay; and otherwise denies the allegations in the fourth sentence of Paragraph 9.

10.   With regard to the first sentence of Paragraph 10, Verizon admits that Arbitrator Fraser's letter purporting to clarify his award was dated August 16, 2004, but denies that that letter was a "supplemental decision." With regard to the second sentence of Paragraph 10, Verizon admits that the Plaintiff has requested both orally and in writing that Verizon pay Ouellette one day's pay, but denies that such pay is "owed" to Ouellette. Verizon admits the allegations contained in the third sentence of Paragraph 10.

## COUNT I

11.   Paragraph 11 contains legal conclusions and a request for relief to which no response is required. To the extent a response is required, Verizon agrees that the Court should confirm the award issued by Arbitrator Fraser, but not the subsequent letter purporting to clarify the award, and should deny all other relief requested.

## COUNT II

12. Verizon denies the allegations and request for relief contained in Paragraph 12. Verizon denies that the Plaintiff is entitled to the relief requested, except that Verizon agrees that the Court should confirm the award issued by Arbitrator Fraser.

### FIRST AFFIRMATIVE DEFENSE

Verizon has fully complied with the Arbitrator's award.

### SECOND AFFIRMATIVE DEFENSE

The Arbitrator was barred by the doctrine of *functus officio* from altering his award.

### THIRD AFFIRMATIVE DEFENSE

The letter issued by the Arbitrator subsequent to his award exceeded his authority and was a legal nullity, and therefore required no action on the part of Verizon.

### FOURTH AFFIRMATIVE DEFENSE

The Arbitrator was barred by the parties' contract from altering his award.

### FIFTH AFFIRMATIVE DEFENSE

The Arbitrator engaged in improper *ex parte* communications with the Union regarding the substance of the award prior to the issuing of his letter purporting to clarify his award.

VERIZON NEW ENGLAND INC.

By its attorneys,

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on Feb. 1, 2005

James W. Bucking, BBO No. 558800
Alicia Alonso Matos, BBO No. 651154
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: February 1, 2005