**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 MAR -3 A II: 25

US DISTRICT COURT
DISTRICT OF MASS.

---

LOCAL 2322, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS,

                Plaintiff,

v.

VERIZON, INC.,

                Defendant.

Civil Action No. 04-12490 RWZ

---

## PARTIES' LOCAL RULE 16.1 JOINT STATEMENT

Pursuant to the Court's February 3, 2005 Order, Local Rule 16.1 and Rule 16 of the Federal Rules of Civil Procedure, Plaintiff Local 2322, International Brotherhood of Electrical Workers (the "Union") and Defendant Verizon New England Inc. ("Verizon") hereby submit this joint statement in preparation for the Scheduling Conference on March 8, 2005.

I.      Nature of the Case

Plaintiff Union brings its claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The Complaint alleges that Verizon has failed to comply with an arbitration award that found that a one-day suspension of Union member, Thomas Ouellette ("Ouellette"), was without just cause and ordering the Company to pay Ouellette a day's back pay. The Union seeks confirmation of the arbitration award and attorneys' fees in this matter.

Verizon contends that it has complied with the arbitrator's award, which did not require payment of back pay. Verizon also contends that the arbitrator was barred from altering his award by the parties' contract and the doctrine of *functus officio*, and that a post-award letter issued by the arbitrator purporting to award back pay to Ouellette exceeded his authority and was

FHBOSTON/2388697.2

a legal nullity requiring no action on Verizon's part. Verizon also alleges that the Union and the arbitrator engaged in improper *ex parte* communications between issuance of the arbitration award and the post-award letter.

## II.     Proposed Agenda for the March 8, 2005 Scheduling Conference

Counsel for the parties have been unable to agree on a pretrial schedule and set forth their respective positions as follows:

### A.     Discovery

Verizon believes that there is a need for limited factual discovery in this matter. While most of the issues involved in this matter are legal, there are some factual issues in dispute. Verizon is informed that there was improper *ex parte* communication between the arbitrator and the Union, which it intends to explore. This would entail written discovery and perhaps depositions.

The Union vigorously opposes any discovery. It asserts that discovery is entirely inappropriate in a Section 301 action to confirm an arbitrator's award. Further, the Union contends that without a prima facie showing that there was some unspecified "*ex parte*" contact, the mere unsubstantiated allegation cannot be used as a vehicle for discovery. The Union adamantly denies it ever had any *ex parte* contact with the arbitrator about this case.

### B.     Proposed Pre-Trial Schedule

#### 1.     Verizon's Proposed Schedule

In light of the limited discovery described above, Verizon proposes the following schedule:

| | |
|---|---|
| Initial Disclosures Served: | March 22, 2005 |
| All Written Discovery Served: | April 19, 2005 |

| | |
|---|---|
| Depositions Completed By: | May 31, 2005 |
| Summary Judgment Motions Filed and Served: | July 22, 2005 |
| Hearing on Summary Judgment Motions: | To be determined by the Court |

       2.     The Union's Proposed Schedule

The Union submits that the schedule should be:

| | |
|---|---|
| Parties File Cross-Motions and Briefs for Summary Judgment Regarding Union's Complaint to Confirm Award: | April 15, 2005 |
| Reply Briefs Filed: | May 1, 2005 |
| Oral Argument: | To Be Scheduled in June, 2005 |

Further scheduling can be determined thereafter, if necessary.

III.    Other Items

    A.    The parties do not agree to trial by a Magistrate Judge.

    B.    Certificates required by Local Rule 16.1(D)(3) will be filed prior to the conference.

    C.    The Plaintiff has made a settlement proposal that the Company pay the grievant one day's pay plus interest, plus attorneys' fees incurred by the Union to date in this action.

LOCAL 2322, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS

By its attorneys,

_Harold L. Lichten_  with auth.
Harold L. Lichten, BBO # 549689
PYLE, ROME, LICHTEN, EHRENBERG &
LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated: March 3, 2005


VERIZON NEW ENGLAND INC.,

By its attorneys,

James W. Bucking, BBO #558800
Alicia Alonso Matos, BBO #651154
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: March 3, 2005