UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCAL 2322, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON, INC.,<br><br>        Defendant. | Civil Action No. 04-12490 RWZ |

### AFFIDAVIT OF ALICIA ALONSO MATOS

I, Alicia Alonso Matos, being first duly sworn, do hereby depose and state as follows:

1. I am counsel for the Defendant, Verizon New England Inc. (the "Company").

2. I represented the Company at the April 30, 2004 arbitration relating to the one-day suspension of Thomas Ouellette (the "Arbitration").

3. On August 10, Bruce Fraser held a conference call with counsel for the Plaintiff, Harold Lichten, and me. On that call, Mr. Fraser asked both counsel if Mr. Ouellette had been paid for the day he attended the funeral. Both counsel responded that he had not. Mr. Fraser then asked if Mr. Ouellette had been paid for the day he was suspended. Both counsel responded that he had not. Mr. Fraser then stated that he had intended to award Mr. Ouellette back pay; that he apologized for the confusion; and that he would issue a confirmatory letter.

4. Attached hereto at Exhibit A is a true and correct copy of the June 24, 2004 Letter from Harold Lichten to Arbitrator Bruce Fraser.

5. Attached hereto at Exhibit B is a true and correct copy of the July 1, 2004 Letter written by me to Arbitrator Bruce Fraser.

B3020521.1

The above statement is true and correct to the best of my knowledge, information and belief and is sworn under the pains and penalties of perjury this 15th of April, 2005.

*[signature]*
Alicia Alonso Matos

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on April 15, 2005.

*[signature]*

B3020521.1

- 2 -



## PYLE, ROME, LICHTEN & EHRENBERG, P.C.

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

M. Amy Carlin
Catherine Highet
Nicole Horberg Decter

*Also admitted in Maine
**Also admitted in New York

***Tod A. Cochran
OF COUNSEL

***Also admitted in California

June 24, 2004



Mr. Bruce Fraser
c/o Ms. Claire M. Connelly
American Arbitration Association
133 Federal St., 11th Floor
Boston, MA 02110

Re:   IBEW, Local 2322 and Verizon
      Grievance:   Thomas Ouellette – One Day Suspension & Letter in
                   Personnel Folder (#21-03)
      AAA Case No. 11-E-300-02702-03

Dear Arbitrator Fraser:

I am writing to you because an unfortunate conflict has arisen regarding the interpretation of the remedy portion of your award in the above-titled case.

As you may recall, this case involved Thomas Ouellette taking one day off to help with and attend the funeral of his wife's grandfather. He was not paid for that day and the Union did not seek back pay for the day he was at the funeral. In addition to that day, he was suspended for one day and, of course, not paid for that one-day suspension. In the award portion of your decision, you hold:

> The one day suspension given to Thomas Ouellette was not for just cause. The day shall be converted to leave without pay and the discipline removed from his file.

It seems absolutely clear that the "day" which you hold should be "converted to leave without pay" is the day that Mr. Ouellette attended the funeral. The second additional day for which he was suspended and not paid, is obviously covered by that part of your award that says "the one day suspension . . . was not for just cause." As such, Mr. Ouellette is clearly entitled to pay for that day.

74

**PYLE, ROME, LICHTEN & EHRENBERG, P.C.**

Mr. Bruce Fraser
June 24, 2004
Page 2

The Company has taken the position that your award means that they don't have to pay Mr. Ouellette for both days, the day he went to the funeral and the day for which he was suspended. I believe that this is both a disingenuous and patently absurd interpretation of your decision. Because the parties are unable to resolve this dispute, the Union asks that you issue a short letter clarifying your decision.

Sincerely,

Harold L. Lichten

HLL/cjn
cc:   Alicia Alonso Matos, Esq.
      Mr. Michael Gallagher

74



# FOLEY HOAG LLP
ATTORNEYS AT LAW

Alicia Alonso Matos
Boston Office
617.832.3016
amatos@foleyhoag.com

July 1, 2004

**By Hand**

Bruce Fraser, Arbitrator
c/o Claire M. Connelly
American Arbitration Association
133 Federal Street, 11th Floor
Boston, MA 02110

    Re:    IBEW, Local 2322 and Verizon
             AAA Case No. 11-E-300-02702-03 (Suspension of Thomas Ouellette)

Dear Arbitrator Fraser:

    I write to respond to the Union's letter of June 24, 2004.

    On June 4, 2004, the Arbitrator issued an award in this matter and this grievance was closed. Twenty-four days later, in the guise of a request for clarification, the Union asks the Arbitrator to re-open the matter and re-decide the case.

    The Arbitrator has no authority to alter his decision in this matter, once rendered. In writing its letter, the Union's agenda is clearly not to request clarification of the Arbitrator's award, which is unambiguous, but to request reconsideration because it is dissatisfied with the result. Article G9A(i) of the parties' collective bargaining agreement provides that "[t]he decision of the umpire will settle the grievance, and the Company and the Union agree to abide by such decision." There is no contract provision that permits a party to request reconsideration of an award. The Arbitrator must disregard the Union's letter.

    The Company intends to honor its obligation to abide by the Arbitrator's award; it will remove all reference to the discipline from Mr. Ouellette's personnel file and will convert the one-day suspension to a day without pay. If the Union disagrees with the Company's actions, its recourse, as the Union well knows, is to file a grievance.

    To the extent that the Arbitrator considers the Union's position, the Company asserts that there is no clarification required with regard to the Arbitrator's award in this case. The Company understands from the Arbitrator's opinion that he found that while

FHBoston/1076681.1

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP    BOSTON    WASHINGTON, DC    www.foleyhoag.com

Bruce Fraser, Arbitrator
July 1, 2004
Page 2

there was not just cause to suspend for Mr. Ouellette's for his absence on the day he attended the funeral of his wife's grandfather, neither was Mr. Ouellette blameless for the failures of communication surrounding the issue. Therefore, the Arbitrator chose to rescind the suspension and ordered that that day be converted to a day without pay.

The Union's failure to understand your clear order is willful ignorance. There is nothing unclear about the very language they quote:

> The one day suspension given to Thomas Ouellette was not for just cause. The day shall be converted to leave without pay and the discipline removed from his file.

There is no ambiguity in this award. It is clear that "the day" in the second sentence refers back to the "the one day suspension" in the first sentence. It is absurd for the Union to claim not to understand it. The Company is directed to convert the suspension to leave without pay and to remove any reference to the discipline from the file.

There is no other day that can be *converted* to a day without pay. As found by the Arbitrator and as stated by the Union in its letter, the day that Mr. Ouellette took off to attend the funeral *is already a day of leave without pay*. One cannot convert something to what it already is. It is clear that the Arbitrator understood this. Indeed, on Mr. Ouellette's time sheet in evidence as Company Exhibit 1, December 2, 2002, the day of the funeral, appears as an "A" day. As was testified to at the hearing, an "A" day is a day of leave without pay. It is illogical and, frankly, disingenuous for the Union to suggest that perhaps you meant to say that the "A" day should be converted to an "A" day and that you meant for him to be paid for the suspension day and just forgot to say so.

Should the Arbitrator consider the Union's arguments, which the Company strenuously posits that he should not, the Company requests a conference call be held between the parties and the Arbitrator.

Very truly yours,

Alicia Alonso Matos


cc: Harold L. Lichten, Esq.
    Stephen Lowrie

FHBoston/1075681.1