IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOCAL 2322 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br>            Plaintiff<br><br>v.<br><br>VERIZON, INC.,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-12490-RWZ<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

The Plaintiff, Local 2322, International Brotherhood of Electrical Workers (the Union), hereby submits this reply brief in support of its motion for summary judgment and in opposition to the Defendant's motion for summary judgment.  Because the Defendant, Verizon, Inc. (Verizon) failed to file a motion to vacate the arbitrator's award within the 30-day statute of limitations, it cannot now rely on the defenses that it could have raised in a motion to vacate.  The Union is therefore entitled to summary judgment in its favor on all counts.  Moreover, because Verizon intentionally ignored the duly rendered arbitration award, thereby forcing the Union to file this wholly unnecessary action, the Court should impose significant sanctions upon Verizon in the form of costs and attorneys' fees.

## II.  FACTUAL MATTERS

Some of the factual material presented by Verizon is either irrelevant or improperly before this Court.

As an initial matter, an arbitrator's factual findings are generally "not open to judicial challenge." El Dorado Technical Servs., Inc. v. Union General De Trabajadores de Puerto Rico, 961 F.2d 317, 320 (1st Cir. 1992). The Court must therefore "accept the facts as the arbitrator found them." Boston Med. Ctr. v. Serv. Employees Int'l Union, Local 285, 260 F.3d 16, 18 (1st Cir. 2001). Here, while evidence of the arbitral process may be relevant to the matters at hand, to the extent that Verizon offers evidence regarding the pay treatment given to the grievant or of the suspension itself, such evidence is inadmissible here except as found by the arbitrator.

With regard to evidence of the arbitral process, Verizon sets forth an unsupported allegation regarding the post-hearing conduct of the arbitrator. Verizon's brief suggests that the arbitrator took new evidence in a "reconvened hearing" after issuing the initial award. [Def's Memo. at 7.] This statement is patently false. Rather, as Attorney Matos's own affidavit makes clear, the arbitrator merely inquired into whether, after the award issued, Verizon had paid the grievant for the funeral day or the suspension day. [Matos Aff. ¶ 3.] The arbitrator neither inquired further into the underlying facts of the case nor took any new evidence. He merely inquired whether the grievant had been made whole. When he learned that the grievant had not been made whole, the arbitrator merely explained what his original intention had been and issued a clarification to effectuate that original intention. The arbitrator took no new evidence and issued no new findings. Rather he reiterated his finding that the discipline was without just cause and clarified what he meant by "the day" that was to be converted to leave without pay.

In addition to the error of fact noted above, certain discrete facts asserted by Verizon should not be considered for other specific reasons. First, Article 9A.04(e) of the

parties' collective bargaining agreement provides that awards issued under the expedited arbitration provisions "shall not constitute a precedent for other cases or grievances . . . ." Therefore, the Court should not consider references Verizon makes to other arbitration awards. [Defendant's Memo at 6-7, 16; Lowrie Aff. Ex. G-I.]  In addition, this Court should not consider any evidence regarding what the Union has offered in settlement negotiations regarding other grievances. [Lowrie Aff. ¶¶ 13-15, Ex. K & L.]  Use of such settlement offers without some factual link to the current dispute is generally disfavored. See Fed. R. Evid. 408; Urico v. Parnell Oil Co., 708 F.2d 852, 854 (1st Cir. 1983). Moreover, the settlement agreement attached to Verizon's brief, [Lowrie Aff., Ex. M], specifically states that it was made without "precedent for any other case or matter."  It was therefore highly improper for Verizon to produce and cite to that agreement, and the Court should refuse to consider such evidence.  Finally, the contract between Verizon and the Communication Workers of America, [Def's Memo at 6 n. 3; Lowrie Aff., Ex. F], is irrelevant to this matter since the Union in this dispute is not a party to that contract; therefore, no inference can be drawn from the difference between that agreement and the agreement between the Union and Verizon.

However, even if the Court considers some or all of this irrelevant and improper information, much of the evidence introduced by Verizon actually supports the Union's position.  For example, the grievant's attendance record, attached to Verizon's brief, shows that the grievant was marked as having an "unauthorized absence" for the day of the funeral. [Lowrie Aff., Ex. C at p. 3.]  An unauthorized absence has an implicit disciplinary connotation and therefore differs significantly from an authorized "leave without pay," which the arbitrator ordered "the day" to be converted to.  The pay treatment

afforded the grievant for the funeral day, which was itself disciplinary in nature, was clearly part of the issue before the arbitrator and was a factor in the confusion stemming from the arbitrator's award.

Finally, in its factual assertions, Verizon admits that the arbitrator explained to the parties that "he had intended to award Ouellette back pay." [Def's Memo at 7.] Furthermore, and importantly, Verizon admits that it received the arbitrator's clarified award and yet chose to ignore it. In essence, the Company admitted that it chose to follow the earlier ambiguous ruling even though it was aware of the later clarified ruling, and it obviously did so to take advantage of the ambiguity in the first ruling.

**III.     ARGUMENT**

> A.     Verizon's Arguments Should Have Been Raised in a Motion to Vacate, and Since None of the Cases the Company Cites in Support its Motion Exempts it from that Requirement, the Union is Entitled to Judgment.

No matter what grounds Verizon now asserts to challenge the arbitrator's clarified award, nothing can change the fact that Verizon could have asserted those challenges in a timely motion to vacate, but having failed to do so, is now estopped from raising those challenges.

As explained fully in the Union's original memorandum of law, [Pl's Memo. part III(A)], this Court has specifically held that an employer is estopped from asserting claims or defenses challenging the validity of a labor arbitration award when that employer failed to bring those claims within the limitations period applicable to vacatur actions. Int'l Assoc. of Bridge, Structural & Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, 928 F. Supp. 83 (D. Mass. 1996) (Burtman Iron Works), citing Derwin v. General Dynamics Corp., 719 F.2d 484, 489 (1st Cir. 1983); Int'l Assoc. of

4

Heat & Frost Insulators & Asbestos Workers, Local Union No. 6 v. Thermo-Guard Corp., 880 F. Supp. 42 (D. Mass. 1995) (Thermo-Guard).  This rule is uniformly followed by federal courts in other jurisdictions. [See Pl's Memo. at 5-7 (citing cases).]  In this case, the appropriate limitations period applicable to Verizon's challenge to the validity of the clarified arbitration award is borrowed from the Massachusetts statute, which requires motions to vacate labor arbitration awards to be brought within thirty (30) days.  Mass. Gen. Laws ch. 150C, § 11; see Derwin, 719 F.2d at 487; Burtman Iron Works, 928 F. Supp. at 85; Thermo-Guard, 880 F. Supp. at 46-48.  Having failed to file a motion to vacate within thirty (30) days of the arbitrator's clarified award, Verizon is now plainly estopped from raising its challenges to the award.

  Moreover, none of the cases that Verizon cited in its own memorandum of law rescues it from this requirement, because none of those decisions involved a scenario such as this one – where a party ignored an award clarified by an arbitrator pursuant to the arbitrator's own authority and then sought to challenge the clarified award beyond the limitations period.  Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d 273, 279 (1st Cir. 1983) (company timely moved to vacate the award but court refused holding "federal courts have refused to apply the strict common law rule of *functus officio*"); McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982) (union timely moved to confirm award and company argued that, despite *functus officio* doctrine, arbitrator should have reopened the case to consider newly available evidence); Domino Group, Inc. v. Charlie Parker Memorial Found., 985 F.2d 417 (8th Cir. 1993) (non-labor case in which the court ordered arbitrator to clarify his award and, although defendant failed to file timely motion to vacate, court still refused to

5

clarify portions of award that were beyond the scope of the court-ordered remand); Red Star Express Lines v. Int'l Brotherhood of Teamsters, Local 170, 809 F.2d 103, 106 (1st Cir. 1987) (employer timely asked arbitrator to clarify his award and timely moved to vacate a contested part of the award; court rebuffed union's *functus officio* argument holding that an arbitrator may clarify his award "*functus officio* notwithstanding"); Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327 (3d Cir. 1991) (non-labor arbitration in which parties filed timely cross-motions to confirm separate, conflicting awards); Oil, Chem. & Atomic Workers Int'l Union , Local 4-367 v. Rohm & Haas, Texas, Inc., 677 F.2d 492 (5th Cir. 1982) (union brought court action for prospective application of arbitration decision or for remand to arbitrator for application beyond scope of original dispute);  Brown v. Witco Corp., 340 F.3d 207 (5th Cir. 2003) (court ordered arbitrator to clarify his award and parties appealed from clarification as beyond the scope of the court's ordered remand).

In the case of Domino Group, Inc., cited by Verizon in its brief, the Eighth Circuit roundly chastised the defendant for failing to file a timely motion to vacate the award, holding the defendant's "failure to file a motion to vacate, modify, or correct within [the appropriate limitations period] waived any defenses to confirmation that might be asserted in a timely motion to vacate."  985 F.2d at 419 (non-labor arbitration case reviewed under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*).  The only reason the court refused to confirm the entire clarified award is because the arbitrator "went outside the terms of the court's remand order, which instructed him to clarify the equitable relief initially awarded."  Id. at 420.  The court held that on a court-ordered remand to an arbitrator, "the arbitrator is limited in his review to the specific matter remanded for clarification and may

6

not rehear or redetermine those matters not in question." Id., citing Paperhandlers Union No. 1 v. U.S. Trucking Corp., 441 F. Supp. 469, 474 (S.D.N.Y. 1977). However, the court went on to hold that the remainder of the clarified award needed to be confirmed precisely because the defendant failed to file a timely vacatur motion. Domino Group, Inc., 985 F.2d at 421.

Here, there was no court-ordered remand, so the arbitrator's action stands or falls on its own. Verizon was involved in and aware of the arbitrator's clarified ruling, and the company was free to challenge the clarified award through a proper vacatur motion. Verizon's failure to timely challenge the arbitrator's decision in a vacatur motion bars it from raising those defenses to the Union's motion to confirm. Such defenses would include Verizon's *functus officio* argument as well as its as-of-yet-unspecified *ex parte* communication argument. Since Verizon is estopped from raising these defenses, the Union is entitled to judgment in its favor.

> B.   Even Were the Court to Consider Arguments Related to the *Functus Officio* Doctrine, the Arbitrator's Supplemental Award Was Proper and is Enforceable Because the Arbitrator Merely Clarified His Award,.

As argued extensively in the Union's original memorandum, [Pl's Memo. part III(B)], the doctrine of *functus officio* is not even applicable to labor arbitrations, and even if it is applicable, the exceptions to the doctrine have swallowed the rule. Because the clarified arbitration award in this case fits squarely within those exceptions, the award is proper even under the *functus officio* doctrine, and the Union is entitled to have the award confirmed.

As noted in the Union's original memorandum, the First Circuit has recognized that in labor arbitration cases under section 301 of the Labor Management Relations Act,

7

"the federal courts have refused to apply the strict common law rule of *functus officio*." Courier-Citizen Co., 702 F.2d at 279 (internal citation omitted). But even if the doctrine is still in existence, the First Circuit noted that "[s]trong authority in this circuit (and in other jurisdictions) holds that a labor arbitrator may, for example, '***interpret or amplify***' his award, *functus officio* notwithstanding." Red Star, 809 F.2d at 106 (emphasis added). Even Verizon recognizes that an arbitrator is free to "correct a mistake which is apparent on the face of his award" or to "clarify an ambiguity in the award." [Def's Memo. at 10 (citing cases).] The only thing the arbitrator did in this case was to interpret or clarify his ambiguous award, which the First Circuit has held to be an appropriate action for an arbitrator to take. Red Star, 809 F.2d at 106.

Verizon has urged the Court to look only at the face of the award without referencing the accompanying opinion, [Def's Memo at 14]; however, even construing the award on its face leads to confusion. The arbitration itself was about a day for which the grievant was charged with an "unauthorized absence," but the arbitrator failed to explain whether the "day" mentioned in his award referred to the day of unauthorized absence or the day of suspension. The fact that the award references the "one-day suspension" does not change the known fact that there was another "day" at issue in the arbitration case, so the arbitrator's bare reference to a "day" being converted to leave without pay cannot be definitively understood on the face of the award. Moreover, because the award states that the suspension was "not for just cause," without any further explanation for denying make-whole relief, the Union reasonably (and correctly) concluded that the arbitrator had intended for the grievant to be made whole for the unjust suspension.

8

Notwithstanding Verizon's suggestion that the arbitrator did not have to issue an opinion to accompany his award, the parties' contract specifically requires the arbitrator to do so. [Pl's Memo. at Ex. 1.] Section 9A.04(d) of the parties' agreement requires a "brief written statement of the reasons supporting" the arbitrator's award, so the award here should be taken in context with the arbitrator's opinion. Since the opinion references both the funeral day and the suspension day, the award becomes all the more ambiguous.

Moreover, all the arbitration awards cited by Verizon in its memorandum show very clearly how an arbitrator can avoid ambiguity when he or she decides to give less than the entire remedy sought by the grievant. [See Def's Memo. at 18-19.] As an initial matter, one of the five awards is completely inapposite as the arbitrator in that case did not include a backpay award because he ***denied*** the grievance. Peachtree Doors Inc., 91 LA (BNA) 585 (1988) (Yarowsky, Arb.) In three of the five awards, the arbitrator specifically stated that the grievance was "sustained in part and denied in part" and clearly explained either that the grievant was not entitled to backpay or that the grievant was entitled to backpay only under certain circumstances. Armstrong Rubber Co., 78 LA (BNA) 857 (1982) (Williams, Arb.); Snap-On Tools Corp., 104 LA (BNA) 180 (1995) (Cipolla, Arb.); Universal Coops, Inc., 2000 WL 995232 (Apr. 6, 2000) (Berquist, Arb.). And in the last of the five awards, the arbitrator specifically stated that the grievant was not entitled to backpay, even though the grievance was sustained, because the grievant failed to testify about any mitigation. Babcock & Wilcox Co., 102 LA (BNA) 104 (1994) (Nicholas, Arb.) Here, Arbitrator Fraser failed to specifically explain why he sustained the grievance and yet failed to provide a backpay award, and indeed, when asked about this very

9

question, he explained that he had intended such make-whole relief and clarified his award accordingly.

Furthermore, Verizon is simply wrong when it characterizes the arbitrator as having reversed his award. Nowhere in his original opinion or award did the arbitrator mention the make-whole relief that the Union had requested or state one way or the other whether backpay was warranted. It would be a much different case if the arbitrator had stated *anywhere in his opinion* that backpay was not warranted. Were that the case, there would have been no ambiguity and the Union would necessarily have accepted the award as final. The cases cited in Verizon's own memorandum clearly demonstrate what it means for an arbitrator to impermissibly change or reverse an award. Colonial Penn Ins. Co., 943 F.2d 327 (non-labor arbitration case in which arbitration panel increased penalty from $10 million to $19 million upon reconsideration); Domino Group, Inc., 985 F.2d 417 (non-labor arbitration case in which court ordered remand to arbitrator to clarify meaning of injunctive relief and specific performance and then refused to confirm part of clarified award that added a monetary award that was beyond the scope of the court-ordered remand).

For these reasons, even applying the doctrine of *functus officio*, the arbitrator here has merely clarified his award within the well-accepted clarification exception to that doctrine, and his clarified award must be confirmed.

C.  Verizon Wilfully Ignored the Arbitrator's Award, Forcing the Union to File this Needless Action, so the Court Should Sanction Verizon With an Order that Verizon Pay the Union's Attorneys' Fees and Costs.

What Verizon did in this case is simply to stick its head in the sand and ignore the arbitrator's clarified award, and its unlawful actions in that regard have spawned this

needless litigation. Therefore, as requested in the Union's original memorandum, the Court should sanction Verizon for causing this unnecessary litigation by requiring Verizon to pay the Union's reasonable attorneys' fees and costs.

A fundamental purpose underlying federal labor policy is the premise of "speedy resolution of grievances by private mechanisms." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 370-71, 98 L.Ed.2d 286 (1987). Upon this premise, this Court has recognized that "the value of expeditious dispute resolution outweighs the prospect of successive litigation arising from action taken by an arbitrator subsequent to the award." Burtman Iron Works, 928 F. Supp. at 87.

Here, when the Union sought clarification of the arbitrator's ambiguous award, Verizon took advantage of the opportunity to argue its position to the arbitrator. Then, having lost before the arbitrator, Verizon simply ignored the arbitrator's clarified award. Such conduct threatens the very stability of labor arbitration that underlies the arbitration process as a fundamental plank of federal labor policy. See O'Neil v. Hilton Head Hosp., 115 F.3d 272, 275 (4th Cir. 1997) (noting that courts will invalidate arbitration agreements that specifically allow an employer to ignore the results of the arbitration); Hull v. Norcom, Inc., 750 F.2d 1547, 1549 (11th Cir. 1985) (same). No court would accept a party's unilateral decision to ignore a supplemental or clarified judgment issued by a court, and neither should this Court accept Verizon's unilateral decision to ignore the arbitrator's clarified award.

If Verizon truly believed that the clarified award was invalid, it should have filed a timely motion to vacate the award. In its memorandum of law, Verizon suggested that the Union should have filed a motion in federal court to vacate the original award of the

11

arbitrator, [Def's Memo. at 4], so the company clearly understands and accepts the requirement that a dissatisfied party must file a motion to vacate an award that it finds inappropriate. However, having failed to do so itself upon receipt of the clarified award, duly rendered by the arbitrator and transmitted to the parties through the American Arbitration Association, Verizon has forced the Union into this needless litigation to confirm the award.

For the reasons asserted in the Union's original memorandum of law, [Pl's Memo. part III(C)], this Court should follow its long-established practice of levying attorneys' fees against an employer that frivolously prompts the filing of a motion to confirm an arbitration award. See Int'l Assoc. of Heat & Frost Insulators & Asbestos Workers, Local Union No. 6 v. Thermo-Guard Corp., 880 F. Supp. 42 (D. Mass. 1995) (imposing fees against an employer that failed to file a timely motion to vacate the award and then impermissibly challenged the award only after the union was forced to bring an action to confirm the award).

Verizon's stubborn refusal to pay Mr. Ouellette his backpay, even after the arbitrator made clear that it was his intention for Verizon to do so, forced the Union to bring this action to confirm the award and to expend the fees and costs related to this action. The Union therefore respectfully requests that this Court grant the Union its reasonable fees and costs expended in bringing this case to challenge Verizon's failure to comply with the final arbitration award and its frivolous claims in defense of its actions.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Union's original memorandum of law, the Union respectfully requests that this Court enter summary judgment in its favor confirming the clarified arbitration award; issue an order requiring the defendant Verizon to pay the grievant the back pay owed to him pursuant to the arbitration award, plus interest; and order Verizon to pay the Union's reasonable attorneys' fees and costs.

> Respectfully submitted,
>
> LOCAL 2322, INTERNATIONAL
> BROTHERHOOD OF ELECTRICAL
> WORKERS,
>
> By its attorneys,

Dated: May 6, 2005

\_\_\_s/Alfred Gordon_____
Harold L. Lichten, BBO # 549689
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by \_\_\_\_\_U.S. Mail_____ on May 6, 2005.
              (method)

\_\_\_s/Alfred Gordon_____
Alfred Gordon